UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN Z. WATSON and FREDA J. WATSON                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO.1:07CV807 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY, ET AL.           DEFENDANTS

## MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

The Court has before it, once again, Defendant State Farm Fire and Casualty Company's (State Farm) motion [28] for summary judgment based on the settlement agreement the parties signed on August 10, 2006. The facts surrounding this settlement are set out in the Court's Memorandum Opinion [43] entered on June 19, 2008. For the reasons set out below, this motion will now be granted.

I have held State Farm's motion in abeyance since June 19, 2008, to afford the plaintiffs an opportunity to identify any additional insured damage that was not known to the parties prior to the mediation. The parties' August 10, 2006, settlement agreement provides that the plaintiffs have a right to make a claim for any such damage.

In their July 7, 2008, affidavit the plaintiffs set out the following facts:

1.  The plaintiffs' State Farm homeowners policy (policy number 24 05 1330 1) provided limits of coverage of $88,500 (dwelling), $8,850 (dwelling extension) and $66,375 (personal property), a total of $161,955 after a 2% hurricane deductible;

2.  Before the August 10, 2006, mediation, State Farm paid the plaintiffs $2,045.01 under its homeowners insurance policy for wind damage to the insured property;

3.  Prior to the mediation State Farm contended that most of the damage to the plaintiffs' home was attributable to water damage that was excluded from coverage under the plaintiffs' policy;

4.  At the time of the mediation the plaintiffs presented an opinion from Independent Public Adjustors that most of the damage to the plaintiffs' property was caused by hurricane winds, a loss covered under the plaintiffs' State Farm policy;

5.  Plaintiffs accepted a payment of $40,500 at the mediation because they were in difficult financial circumstances;

6. Plaintiffs did not understand that their agreement with State Farm at the mediation was a complete settlement of their claim against State Farm, and the plaintiffs believed that they could still pursue State Farm for their remaining damages;

7. In May 2007 State Farm denied the plaintiffs' request to reopen their claim;

8. At the time of the mediation, the plaintiffs did not know that State Farm had determined that the replacement cost for the plaintiffs' home was $157,105;

9. At the time of the mediation, plaintiffs did not know and did not fully appreciate the weather data that they contend supports their claim that extensive wind damage occurred before the insured property was inundated;

10. At the time of the mediation, plaintiffs did not know that two months later the Small Business Administration would estimate the value of their property at over $183,468;

11. There was no agreement between the plaintiffs and State Farm concerning the allocation of the $40,500 payment among the coverages for dwelling, dwelling extension, and personal property;

12. The plaintiffs now regard having accepted a total of $42,545.01 from State Farm (just over 25% of the insured value of their property) as a mistake;

13. After adding flood insurance benefits to the sum they accepted from State Farm, the plaintiffs have an uncompensated loss of over $65,000;

14. The plaintiffs have suffered mental anguish associated with their storm damage and their efforts to seek compensation from State Farm;

15, The plaintiffs have incurred litigation expenses including attorneys' fees.

None of the facts and circumstances set out in the plaintiffs' affidavit or in the supporting documentation filed with the plaintiffs' affidavit is sufficient to support a finding that the settlement agreement they negotiated with State Farm is not a valid and legally binding contract in accordance with its terms.

Despite the financial difficulties the plaintiffs suffered as a result of the storm damage to their home, there is no showing that the plaintiffs were under any compulsion or were suffering any incapacity at the time they signed the settlement agreement. There is no showing that the plaintiffs did not have a full and fair opportunity to determine the value of their property or to seek the advice of experts (attorneys, engineers, meteorologists, appraisers) concerning the value of their property, the cause of the damage to their property, or their legal rights under the State

Farm policy.

The validity of the plaintiffs' claim under their State Farm homeowners policy was disputed. There is nothing in the documents the plaintiffs have submitted that would support a finding that the cause of the damage to the insured property (wind v. water) was not subject to a legitimate difference of opinion. The settlement is a compromise payment made on a disputed claim.

The allocation of the settlement among the various coverages is something that the parties could have included in their negotiations if it were an important issue to one or both of them, but having accepted a lump sum settlement without any allocation, the failure to now agree on a proper allocation does not invalidate the settlement agreement.

State Farm's having reached an agreement with the Mississippi Department of Insurance to voluntarily reevaluate some of its policyholders claims does not change the legal rights of the parties under the settlement agreement.

There is nothing in the four corners of the settlement agreement that would reasonably lead the plaintiffs to believe that they could sign the agreement and still pursue their claims against State Farm for anything other than damage to the insured property discovered after the mediation. There is no indication that any representative of State Farm said or did anything to lead the plaintiffs to believe that their agreement would not be binding on the parties in accordance with its terms.

It is my opinion that the settlement agreement the parties entered into on August 10, 2006, is a valid contract supported by consideration and legally binding on the parties in accordance with its terms. Accordingly, I will grant State Farm's motion [28] for summary judgment and this case will be finally dismissed. An appropriate order will be entered.

**DECIDED** this 7th day of August, 2008.

> s/ L. T. Senter, Jr.
> L. T. SENTER, JR.
> SENIOR JUDGE